**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>1400 Independence Ave., S.W.<br>Washington, DC 20250,<br><br>        Defendant. | Civil Case No. 1:26-cv-583 |

## COMPLAINT

1.      Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Agriculture ("USDA") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel USDA's compliance with FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4.      Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5.      Defendant USDA is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  USDA has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.      On August 7, 2025, PPT submitted a FOIA request to USDA's Food &Nutrition Service ("FNA") requesting the unredacted source code for the Supplemental Quality Control Model (herein referred to as Request A and attached hereto as Exhibit A).

7.      On August 7, 2025, USDA confirmed receipt of Request A and assigned it FOIA tracking number 2025-FNS-08918-F (Exhibit B).

7.      On August 11, 2025, PPT submitted another FOIA request to USDA's FNA requesting the information about the Supplemental Quality Control Model related to:

   a.  Data preparation routines;

   b.  Documentation for the model;

   c.  Any testing routines on the model outputs; and

   d.  The system specifications required to run the mode's source code (herein referred to as Request B and attached hereto as Exhibit C).

8.      On August 11, 2025, USDA confirmed receipt of Request B and assigned it FOIA tracking number 2025-FNS-08980-F (Exhibit D).

9.      On August 11, 2025, USDA advised that Request A and Request B were combined in its system and would reference 2025-FNS-08918-F (Exhibit E; Request A and Request B are herein referred to as the Request).

10. The Request seeks documents in the public interest because it will help the public's understanding of USDA's compliance with its own mission and responsibilities.

9. On August 15, 2025, USDA sought clarification from PPT to assist in identifying which FNS Program Office would have the records in the Request.  PPT confirmed that the Request sought records from Supplemental Nutrition Assistance Program Quality Control Database and the QC Minimodel. USDA confirmed receipt of the clarification and indicated it would share the information with the Program Office (Exhibit F).

10. On September 17, 2025, PPT asked for a status update from USDA.  USDA responded that FNS had a backlog of pending FOIA cases and that the Request was number 28 out of 33 open requests in its queue (Exhibit G).

11. As of the date of filing, PPT has not received any further communication regarding the records from Request.

12. USDA has still not made any determinations with regard to PPT's FOIA Requests despite over 195 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  USDA has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

13. USDA has thus violated its FOIA obligations.

14. Because USDA failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

15.     PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

16.     PPT's USDA requests discussed above were properly submitted requests for records within the possession, custody, and control of USDA.

17.     USDA is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to proper FOIA requests.

18.     USDA is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its requests.

19.     USDA's failure to provide all non-exempt responsive records violates FOIA.

20.     Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring USDA to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

Plaintiff PPT respectfully requests this Court:

A)  Assume jurisdiction in this matter and maintain jurisdiction until USDA complies with the requirements of FOIA and any and all orders of this Court.

B)  Order USDA to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

4

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other

litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

Grant PPT other such relief as the Court deems just and proper.

Dated: February 23, 2026                    Respectfully submitted,

                                            PROTECT THE PUBLIC'S TRUST

                                            By Counsel:
                                            /s/ Karin M. Sweigart

                                            Karin Moore Sweigart
                                            D.D.C. Bar ID: CA00145
                                            DHILLON LAW GROUP, INC.
                                            177 Post Street, Suite 700
                                            San Francisco, CA 94108
                                            Telephone: 415-433-1700
                                            KSweigart@Dhillonlaw.com

                                            *Counsel for the Plaintiff*

5